UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

_____

|  |  |  |
|---|---|---|
| Jane Doe | : | Case No. |
|  | : |  |
| Plaintiff | : | **COMPLAINT** |
| v. | : |  |
|  | : |  |
| Unum Life Insurance Company | : |  |
| Of America | : |  |
|  | : |  |
| Defendant | : |  |

_____

Plaintiff, Jane Doe, for her Complaint against Defendant Unum Life Insurance Company of America ("Unum"), states as follows:

1.      Jane Doe is an individual who resides in Albuquerque, New Mexico and who is or was a participant in a long-term disability plan (the "Plan"), sponsored by the MinuteClinic Welfare Benefit Plan Multiple Employer ("Sponsor").

2.      The Plan is funded, in part, through a group insurance policy number 299889 002 Unum sold to the Sponsor (the "Policy"), for whom Jane Doe served as an employee (her "Regular Occupation") from August, 2014 until her total disability on March 14, 2016.

3.      Unum is a foreign company, based in Portland, Maine, and authorized to transact business in New Mexico.

4.      Unum acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Policy.

5.      Jane Doe brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction

over New Mexico because, per ERISA 502(e), 29 U.S.C. 1132(e)(2), Unum undertook to insure

an ERISA plan that affected participants living in New Mexico.

## Claim for Relief

6.      The Plan provides for short and long-term disability coverage for certain employees

of the Sponsor, such as Jane Doe.

7.      The Policy provides, in relevant part, as follows:

> You are disabled when Unum determines that you are limited from
> performing the material and substantial duties of your regular occupation
> due to sickness or injury and you have a 20% or more loss in your indexed
> earnings due to the same sickness or injury.

8.      The Policy limits benefits payable to 24 months if the disability is due to a mental

illness, otherwise benefits are payable to age 65.

9.      The Policy defined mental illness as follows:

> means a psychiatric or psychological condition classified in the Diagnostic and Statistical
> Manual of Mental Health Disorders (DSM), published by the American Psychiatric
> Association, most current as of the start of a disability. Such disorders include, but are not
> limited to, psychotic, emotional or behavioral disorders, or disorders relatable to stress or
> to substance abuse or dependency. If the DSM is discontinued or replaced, these
> disorders will be those classified in the diagnostic manual then used by the American
> Psychiatric Association as of the start of a disability.

10.     Jane Doe had a history of physical and mental conditions, with which she continued

to work for many years.

11.     In 2016, Jane Doe suffered an injury resulting from an adverse effect of a prescribed

medication.  This injury, as documented in the administrative record, caused Jane Doe cognitive

deficits and greatly exacerbated her other conditions including, but not limited to hEDS, POTS,

and Fibromyalgia.

12.     Jane Doe first became disabled under the Policy on or about March, 15, 2016, and

has remained continuously disabled since then.

2

13.     Beginning March 15, 2016, Jane Doe qualified for the short- and long-term disability benefits under the Plan and Policy.

14.     Unum informed Jane Doe by letter dated October 26, 2016 that they had approved her Long Term Disability claim on the basis of depression and anxiety. The policy has a 24-month limitations for such disability; therefore if her claim continued to be medically supported on that basis, the 24 month benefit period would have ended on September 19, 2018.

15.     Since 2016, however, Jane Doe has qualified for the long-term disability benefits under the Plan and Policy due to an illness other than a mental illness.

16.     Jane Doe timely appealed Unum's application of the limitation, but Unum upheld its determination.

17.     Jane Doe exhausted her administrative remedies under the Policy and Plan.

18.     As a result of the foregoing, Jane Doe has suffered a loss in the form of unpaid benefits.

19.     Jane Doe is entitled to a judgment against Unum in the amount of the unpaid long-term disability benefits under the Policy and Plan.

20.     Jane Doe is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Jane Doe, requests the Court grant her the following relief from Defendant First Unum Life Insurance Company:

a.     A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b.     Her costs and attorney's fees, under ERISA 502(g); and

c.     All other relief the Court may deem proper.

Dated: February 12, 2021

Respectfully submitted,

/s/ Ryan P. Danoff
Ryan P. Danoff
1225 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 262-2383
rdanoff@michaeldanoff.com