IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

               Plaintiff,

vs.                                                           1:21-cv-00115-SCY-LF

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

               Defendant.

## **AMENDED NOTICE AND ORDER TO SHOW CAUSE**

This matter is before the Court *sua sponte*. On February 12, 2021, the plaintiff filed a complaint under the pseudonym Jane Doe. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The

public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245). If the court grants permission, the court often requires plaintiff(s) to disclose their real names to defendants and to the court, but otherwise to be kept under seal. *Id*. If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

IT IS THEREFORE ORDERED that the plaintiff must show cause by **Tuesday, May 4, 2021**, why her full name should not be fully disclosed in filings with the Court. Defendant may respond to plaintiff's submission by **Tuesday, May 11, 2021**, but is not required to respond if defendant agrees with plaintiff's position. Defendant's failure to respond within the time prescribed for doing so constitutes a waiver to object to the Court's decision.

_____
Laura Fashing
United States Magistrate Judge