IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

        Plaintiff,

vs.                                                                              1:21-cv-00115-MV-LF

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.

## ORDER QUASHING ORDER TO SHOW CAUSE AND
## GRANTING PETITION TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court on Plaintiff's Response to Order to Show Cause. Doc. 18. Because Plaintiff was proceeding anonymously in this Court without first filing a petition asking for permission to do so, April 20, 2021, the Court issued an Order to Show Cause which ordered Plaintiff to show cause by June 8, 2021,[1] why her full name should not be fully disclosed in filings with the Court. Doc. 12. On June 8, 2021, Plaintiff filed her response,[2] which the Court will treat as a petition to proceed anonymously. Doc. 18. On June 15, 2021, defendant UNUM Life Insurance Company of America ("UNUM") filed a notice stating that it does not oppose Plaintiff's request to proceed anonymously. Doc. 24. Having reviewed the briefing, the relevant law, and being fully apprised of the circumstances, the Court finds Plaintiff's arguments well taken, will QUASH the Order to Show Cause, and will GRANT the

---

[1] The Court granted plaintiff two extensions to respond. Docs. 14, 17.

[2] The Court notes that Plaintiff filed her response (Doc. 18) to the Court's Order to Show Cause under seal (restricted to Case Participants Only). The Court will permit the response to remain under seal because it contains Plaintiff's personal medical information and personal details about her that may identify her. The Court reminds Plaintiff, however, that in the future she must seek the Court's permission to file documents under seal. *See* FED. R. CIV. P. 5.2(d); CM/ECF Administrative Procedures Manual, Dist. of N.M., Sec. 9(h)(1) ("Participant must also ensure that permission of the Court to restrict access to the filing has been granted.").

petition to proceed anonymously.

Plaintiff argues that she should be allowed to proceed anonymously because her "mental health is at the center of this litigation." Doc. 18 at 12. Plaintiff is concerned that as a licensed professional, identifying her as a person suffering from a mental illness would harm her chances of future employment. *Id*. at 12–13. Plaintiff further asserts that providing her identity to the public would negatively affect her current health condition. *Id*. at 13–15.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ*., 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished). Social stigma may be sufficient to warrant proceeding anonymously. "Courts have permitted plaintiffs to proceed anonymously in cases

involving mental illness, homosexuality, and transsexuality because the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Doe v. Neverson*, 820 Fed. Appx. 984, 988 (11th Cir. 2020) (internal quotations and citations omitted).

In this case, the Court finds that Plaintiff has met her burden of showing that her need for anonymity outweighs the public interest in favor of openness. The Court finds that, based on the medical evidence submitted by Plaintiff, it is likely that her medical condition would deteriorate, and she would suffer social stigma if her name is disclosed to the public.[3]

In addition, the Court notes that UNUM does not oppose Plaintiff proceeding anonymously. The Court sees no prejudice to defendant: UNUM knows the identity of Plaintiff and is not hampered in its efforts to investigate and defend against Plaintiff's allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in Plaintiff's identity in connection with this case.

For the reasons stated above, the Court grants Plaintiff permission to proceed anonymously in this case. "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the

---

[3] UNUM objects to evidence presented by Plaintiff in support of her petition to appear anonymously that does not appear in the administrative record. Doc. 19. The Court notes that any medical evidence presented in Plaintiff's response to the Court's order to show cause that does not appear in the administrative record is being considered solely for the purpose of determining whether Plaintiff will be allowed to appear under a pseudonym and not for a determination on the merits.

3

court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

**The Court therefore orders Plaintiff to file, no later than July 1, 2021, an unredacted complaint under seal** that places on the record the Plaintiff in her real name as the party in interest. In all other filings, Plaintiff may proceed as "Jane Doe."

    **IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge